## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| KRISTEN MANN KOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NO.:** _____ |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| RELIANCE STANDARD LIFE | ) | |
| INSURANCE COMPANY and | ) | |
| UNIFI, INC., EMPLOYEE WELFARE | ) | |
| BENEFIT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Plaintiff, complaining of Defendants and alleges and says:

### INTRODUCTION

1.     Plaintiff Kristen Mann Koman ("Koman") asserts claims under the Employment Retirement Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), seeking legal damages and equitable relief for Defendants' denial of benefits due her in the administration of a group long-term disability insurance policy and to enforce her rights under the policy. Plaintiff also seeks a declaration of her right to future benefits under the policy.

2.     Plaintiff Koman was determined to be totally disabled under the Social Security Disability Insurance program.

3.     The headings in this complaint are intended only to assist a review of the statements and allegations contained herein. To avoid unnecessary repetition in each section, Koman hereby affirms and incorporates each paragraph in each section throughout this complaint as though fully set forth therein.

## THE PARTIES

4.      Kristen Mann Koman is a citizen and resident of Winston-Salem, Forsyth County, North Carolina. Koman was employed by Unifi, Inc., in Greensboro, North Carolina, as a Systems Consultant/Programmer-Analyst at the time she became disabled on April 10, 2018.

5.      Reliance Standard Life Insurance Company ("Reliance Standard"), upon information and belief, is a corporation existing under the laws of the state of Illinois, and transacts business throughout the United States, including but not limited to Winston-Salem, Forsyth County, North Carolina.

6.      Upon information and belief, Reliance Standard is a company licensed by the State of North Carolina Department of Insurance to transact insurance business in the State of North Carolina and has offices located in Charlotte, Mecklenburg County, North Carolina. Defendant Reliance Standard has done and continues to do business in Winston-Salem, Forsyth County, North Carolina.

6.      At all times relevant to this claim, Reliance Insurance Company transacts business, regularly solicits business in North Carolina, and derives substantial revenue therefrom, specifically the sale of insurance products.

7.      Unifi Inc., Employee Welfare Benefit Plan, Group Policy No. LTD 128021 ("the Policy") is a long-term disability policy marketed and sold by Reliance Standard to Unifi, Inc., Greensboro, NC, and was in effect during the year 2018 and applicable to Koman. Koman's Claim No. is 2018-06-15-0226-LTD-01.

8.      The Policy is governed by The Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA").

2

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 29 U.S.C. §1132(a)(1)(B).  Venue is proper in the Middle District of North Carolina because Plaintiff resides in Winston-Salem, Forsyth County, North Carolina, and Reliance Standard Life Insurance Company does business in the State of North Carolina and is subject to its personal jurisdiction at the time this action is commenced.  28 U.S.C. §1391(b), (d).

## THE FACTS

10.      At all times relevant to this action, Koman was insured under the Policy.

11.      The effective date of coverage was January 1, 2018.   Koman stopped work on or about April 10, 2018, and applied for long-term disability benefits a few months thereafter.

12.      At the onset of her disability, Koman had satisfied the Policy requirement for "Active Work" and delivered proper notice of disability to Defendants.

13.      Koman has provided full and complete access to all her medical records and providers at all times, as required by Reliance Standard.

14.      Reliance Standard determined that Koman was Totally Disabled beginning July 9, 2018.  After satisfying the Elimination Period of 90 days specified in the Policy, Koman began receiving monthly benefits in the approximate amount of $4,000.00 in or about October 2018.

15.      Koman suffers from Postural Orthostatic Tachycardia Syndrome ("POTS"), a serious medical condition that affects blood flow and produces symptoms including syncope, lightheadedness, and an uncomfortable, rapid increase in heartbeat.  In the first half of 2018, she was seen in the Emergency Department of Wake Forest Medical Center several times for treatment related to this condition, and thereafter at her cardiologist's office.  In addition, she has problems with breathing, balance, and numbness.

3

16.     In January 2019, Koman was diagnosed with chronic urticaria, chronic rhinitis and systemic mastocytosis. She has a history of various autonomic diseases. She was later diagnosed with inflammatory bowel disease.

17.     Koman applied for Social Security disability as required by Reliance Standard. She was found to be totally disabled from *any* substantial gainful employment commencing April 2018.

18.     Koman has met the Policy requirement for "Total Disability" because she cannot perform the material duties of her Regular Occupation because of injury or sickness.

19.     Despite the findings of her doctors and contrary to the medical evidence in their possession, Reliance Standard reversed their determination of Total Disability on or about April 1, 2020, *without any significant change in Koman's condition or ability to work* and terminated Koman's benefits under the Policy without cause.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20.     Koman has exhausted all administrative appeals and remedies provided by Defendants.

21.     On or about April 1, 2020, Koman was first notified by letter from Reliance Standard that the company had reversed its determination and that her long-term disability benefits would be terminated.

22.     Koman appealed this denial on or about May 8, 2020. Defendants affirmed the denial of her long-term disability benefits on or about August 31, 2020.

23.     Koman again appealed of the denial of long-term disability benefits on August 31, 2020.

24.     By letter dated December 23, 2020, Reliance Insurance Company denied Koman's second and final administrative appeal, advising her of her right to file a lawsuit.

4

25.     Kristen has exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. §1132.

## FIRST CLAIM FOR RELIEF

### (Wrongful Denial of Benefits Under ERISA, 29 U.S.C. §1132)

26.     Plaintiff brings this claim for disability benefits owed and wrongfully denied in violation of the Policy provisions pursuant to Section 502(a) of ERISA, 29 U.S.C. §1132(a).

27.     The Policy is a valid contract for LTD insurance within the scope of the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*, which was issued by Defendants to Koman's former employer, Unifi, Inc.

28.     Upon information and belief, the Policy at issue, under which Plaintiff seeks benefits, is a group plan and qualifies as an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

29.     At all relevant times, Plaintiff was employed by Unifi, Inc., and was a covered participant in the LTD plan, as defined in 29 U.S.C. §1002(7) and under the terms and conditions of the Policy.

30.     This Policy was in full force and effect when Plaintiff, an employee of Unifi, Inc., became disabled in April 2018, and remains in effect at all times relevant to this Complaint.

31.     Under the terms of the Policy, Defendants are the administrators of Policy claims and act as fiduciaries within the meaning of 29 U.S.C. §1002(21). At all relevant times, Defendants had the exclusive authority to determine eligibility and administer claims arising under the Policy, to grant or deny benefits to applicants, to pay benefits to those entitled thereto, and to terminate benefits under the Policy.

Case 1:22-cv-00595-LCB-LPA   Document 1   Filed 07/28/22   Page 5 of 10

32.     Defendant Reliance Standard had a fiduciary obligation to Plaintiff to administer claims fairly, to make necessary payments in a timely fashion, to provide claimant with a full, fair, and impartial review of her benefits claims and to furnish LTD benefits according to the terms of the Policy.

33.     No information in the medical records of Koman supports a finding that she has experienced significant improvement in her serious disease.

34.     No reason arose for Reliance Standard to reconsider Plaintiff's case.  Plaintiff had no significant change in her overall health.  If anything, she showed more fatigue and less strength upon exertion than previously.  Reliance Standard lacked any reason to alter its own prior determination that Plaintiff was totally disabled and to discontinue benefits after April 1, 2020.

35.      Defendants breached its insurance contract and wrongfully denied Plaintiff benefits without legitimate justification in violation of the Policy provisions and ERISA.

36.     As a result of the breach of the insurance agreement, Plaintiff has been damaged in an amount in excess of $75,000.00.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty Under ERISA, 29 U.S.C. §1132, §1133)**

37.     Plaintiff realleges, restates and incorporates by reference paragraphs 1 through 36 hereinabove as if fully set forth herein.

38.     Plaintiff brings this claim for breach of fiduciary duties owed under the Policy, pursuant to Section 502(a) of ERISA, 29 U.S.C. §1132(a), and §1133.

39.     Under the terms of the Policy, Defendant Unifi, Inc., Employee Welfare Benefit Plan was the claims' administrators and acted as fiduciaries within the meaning of 29 U.S.C. §1002(21).  At all relevant times, Defendants had the exclusive authority to administer claims

arising under the Policy, to grant or deny benefits to applicants, to pay benefits to those entitled

thereto, and to terminate benefits under the Policy.

40.     Defendants breached its fiduciary duty and wrongfully denied Plaintiff a full, fair,

and impartial review of her benefits claim under the Policy.  Among other things:

(a)     Defendants incorrectly applied or misinterpreted definitions of Total Disability;

(b)     Defendants ignored or failed to give proper weight to Plaintiff's physicians;

(c)     Defendants set arbitrary, capricious, and unreasonable deadlines for Plaintiff to provide additional information, which often was superfluous to her claim;

(d)     Defendants repeatedly mailed important letters, some containing deadlines, to Plaintiff when Defendant knew Plaintiff's email address;

(e)     Even worse, Defendants repeatedly mailed correspondence to an old mailing address of the Plaintiff despite being advised of her new address;

(f)     Defendants relied on its own doctors' review of records, with no physical examination of the patient whatsoever, and gave undue consideration to its own doctors purported conclusions;

(g)     Plaintiff was awarded Social Security Disability Benefits, yet Defendants gave this determination little to no consideration; and

(h)     Defendants wrongfully affirmed in the second administrative appeal that Plaintiff was "no longer Totally Disabled."

41.     In breaching its fiduciary duty, Defendants acted intentionally, willfully, and in bad

faith, at all levels of administrative review, in that Defendants:

(a)     Undermined consideration of Plaintiff's legitimate claims to avoid payment, forcing her to appeal repeatedly and to file a lawsuit;

(b)     Knowingly and improperly relied on guidelines, internal rules, protocols, and assumptions that were not set out in the Policy and that directly contradicted Policy terms, although the Policy states that it is the entire contract between the parties;

(c)     Acted under an inherent and substantial conflict of interest in that Defendants served as both fiduciary and funding source for the Policy and placed their own pecuniary interests above Plaintiff's interests;

(d) Failed to afford Plaintiff a full and fair review of her claim, as an impartial decision-maker who was free of conflict would; and

(e) Deliberately terminated the disability benefits upon which Plaintiff relied to replace in part her income and jeopardized ultimate payment of benefits in case of her death, causing her financial hardship, stress and anxiety that are contraindicated for her medical condition and wholly unjustified by the plain language of the Policy.

42. Plaintiff had the right to expect Defendants to make a fair, accurate and timely resolution of her claim for disability benefits under the terms of the Policy, which Defendants have repeatedly avoided.

43. As a result of the foregoing, Plaintiff is entitled to relief including: (1) monthly long-term disability benefits, (2) payment of back benefits from April 2020, to the date of judgment, (3) pre-judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Defendants' practices that are violative of the Policy and ERISA, and to enforce the terms of the Policy and ERISA, and (6) an award of attorneys' fees and costs pursuant to 29 U.S.C. §1132 (g)(1).

## THIRD CLAIM FOR RELIEF
### (Breach of Compliance with Claims Procedures Under ERISA, 29 U.S.C. §1133, §1135, 29 CFR 2560.503-1)

44. Plaintiff realleges, restates and incorporates by reference paragraphs 1 through 36 hereinabove as if fully set forth herein.

45. Defendants had a duty under ERISA, 29 U.S.C. §1133, §1135, to establish and maintain reasonable claims procedures for plans providing disability benefits. Under 29 CRR 2560.503-1(d), these procedures are deemed reasonable only if they comply with minimum requirements specified.

46. Defendants failed to comply with the requirements under ERISA by failing to properly consider the claimant's primary claim for total disability benefits at each level of appeal.

8

47.     Defendants' failure to maintain minimally compliant claims procedures under ERISA prevented Plaintiff from receiving a full and fair administrative review of her claims, deprived her of benefits due, and violated the law and regulations promulgated under ERISA.

WHEREFORE, Plaintiff respectfully prays that the Court:

1.     Grant Plaintiff declaratory and injunctive relief pursuant to 29 U.S.C. 1132(a)(3), finding that Defendants violated the terms of the LTD Policy and Plaintiff's rights thereunder by terminating her long-term disability; that Plaintiff is entitled to a continuation of future LTD benefits from Defendants pursuant to the LTD Policy as long as she remains disabled or totally disabled in the future;

2.     Grant Plaintiff declaratory and injunctive relief, finding that Defendants breached their fiduciary duties to Plaintiff; enjoining Defendants from further violations of its fiduciary duties, and directing Defendants to take all actions necessary to administer the Policy in accordance with the terms and provisions thereof and Defendants' fiduciary and other obligations arising under ERISA;

3.     Enter a judgment ordering Defendants to pay Plaintiff's long-term disability benefits from April 1, 2020, through the date judgment is entered herein, together with prejudgment interest on each and every monthly payment through the date of judgment;

4.     Award Plaintiff attorneys' fees and costs incurred as a result of Defendants' breach of fiduciary duty, bad faith, and arbitrary denial in providing stated coverage, pursuant to 29 U.S.C.§1132(g)(1);

5.     Award Plaintiff damages for Defendants' intentional violation of claims procedures under ERISA, 29 U.S.C. §1133, §1135;

6.     For such other and further relief as the Court deems just, fit, and proper; and

9

7. For a trial by jury on all issues so triable.

This the 28<u>th</u> day of July, 2022.

CRAIGE JENKINS LIIPFERT & WALKER, LLP
*Attorneys for Plaintiff*


/S/ Ellis B. Drew, III
Ellis B. Drew, III (NCSB# 12934)
Bod@craigejenkins.com


/S/Ann G. Sugg
Ann G. Sugg (NCSB# 11104)
anns@craigejenkins.com
110 Oakwood Drive, Suite 300
Winston-Salem, NC 27103
Tele: (336) 725-2900
Fax: (336) 723-7308

10