IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Kristen Mann Koman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV595 |
| | ) | |
| Reliance Standard Life Insurance Company and Unifi, Inc., Employee Welfare Benefit Plan, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

In this action, Plaintiff Kristen Mann Koman asserts claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (ECF No. 1.) Before the Court is a motion to dismiss Counts II and III of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) This motion has been filed by both Defendants: Defendant Reliance Standard Life Insurance Company ("Reliance") and Defendant Unifi, Inc., Employee Welfare Benefit Plan. For the reasons that follow, the Court will grant Defendants' motion.

**I. BACKGROUND**

Plaintiff alleges that at all times relevant to this action, she was insured under Unifi Inc., Employee Welfare Benefit Plan, Group Policy No. LTD 128021, a long-term disability policy governed by ERISA. (*Id.* ¶¶ 7, 8, 10.) Under the terms of this policy, Defendants are claims

administrators who have exclusive authority to grant or deny benefits, to pay benefits, and to terminate benefits. (*Id.* ¶ 31.)

Plaintiff became disabled in April 2018. (*Id.* ¶ 4.) She applied for long-term disability benefits a few months thereafter. (*Id.* ¶ 11.) At that time, Reliance determined that Plaintiff was "Totally Disabled" and began providing monthly benefits to Plaintiff in or about October 2018. (*Id.* ¶ 14.) However, Reliance later reversed its determination "without any significant change in [Plaintiff's] condition or ability to work" and "terminated [Plaintiff's] benefits under the [p]olicy." (*Id.* ¶ 19.)

Following the termination of benefits, Plaintiff filed an administrative appeal for reinstatement; however, Reliance affirmed the termination decision. (*Id.* ¶ 22.) Plaintiff then appealed again, and Reliance again affirmed. (*Id.* ¶¶ 23, 24.) Having exhausted her administrative remedies, Plaintiff initiated this action pursuant to 29 U.S.C. § 1132. (*Id.* ¶ 25.)

## II. DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

A motion made under Rule 12(b)(6) challenges the legal sufficiency of the facts in the complaint, specifically whether the complaint satisfies the pleading standard under Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). A claim is plausible when the complaint alleges sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir.

2015) (quoting *Iqbal*, 556 U.S. at 678). The court "view[s] the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

When considering a motion to dismiss, "a [district] court evaluates the complaint in its entirety, as well as documents attached [to] or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

**B.  Discussion**

Plaintiff's Complaint contains three claims for relief. (ECF No. 1 ¶¶ 26–47.) Count I is a claim for "Wrongful Denial of Benefits Under ERISA," (*id.* ¶¶ 26–36), Count II is a claim for "Breach of Fiduciary Duty Under ERISA," (*id.* ¶¶ 37–43) and Count III is a claim for "Breach of Compliance with Claims Procedures Under ERISA," (*id.* ¶¶ 44–47).

In their motion to dismiss, Defendants contend that Plaintiff's Counts II and III seek equitable remedies that are duplicative of an adequate remedy that Plaintiff is pursuing in Count I. (ECF No. 7 at 1.) This adequate remedy is, according to Defendants, recovery of any benefits to which Plaintiff is entitled under the terms of her plan. (ECF No. 8 at 5, 11.) Defendants argue that Counts II and III should therefore be dismissed pursuant to *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and *Korotynska v. Metropolitan Life Insurance Co.*, 474 F.3d 101 (4th Cir. 2006). (ECF No. 8 at 5–11.)

Plaintiff's principal response is that Counts II and III should not be dismissed because these two counts "closely track" the language of 29 U.S.C § 1132(a)(1)(B) and § 1132(a)(3) and therefore are "explicitly authorized" by these provisions.[1] (ECF No. 12 at 2–3.) These provisions state:

---

[1] ERISA's civil enforcement provision, 29 U.S.C. § 1132, is also referred to as ERISA § 502.

3

>    (a) Persons empowered to bring a civil action
>    A civil action may be brought--
>        (1) by a participant or beneficiary--
>            . . .
>            (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>        . . .
>        (3) by a participant, beneficiary, or fiduciary
>            (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
>            (B) to obtain other appropriate equitable relief
>                (i) to redress such violations or
>                (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132.

Before addressing the parties' contentions, the Court begins with an overview of the relevant legal framework and controlling precedent.

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Peters v. Aetna Inc.*, 2 F.4th 199, 215 (4th Cir. 2021) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990)). It "authorizes a broad range of remedies for cognizable violations, including recovery of 'plan benefits, attorney's fees and other statutory relief.'" *Id.* (quoting 10 Vincent E. Morgan, *Business and Commercial Litigation in Federal Courts* § 106:45 (4th ed. Dec. 2020 update)).

At issue here are two kinds of ERISA action, an action for benefits under § 1132(a)(1)(B) and an action for appropriate equitable relief under § 1132(a)(3). An action for benefits under § 1132(a)(1)(B) allows a plan participant or beneficiary to "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction

4

against a plan administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987). In contrast, an action for appropriate equitable relief under § 1132(a)(3) is a "'catchall' which 'act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy.'" *Korotynska*, 474 F.3d at 105 (quoting *Varity*, 516 U.S. at 512 (alterations in *Korotynska*)).

The Supreme Court in *Varity* determined that because § 1132(a)(3) is a safety net provision, it does not authorize claims "where the plaintiff's injury finds adequate relief in another part of ERISA's statutory scheme." *Id.* (citing *Varity*, 516 U.S. at 512, 515). "[T]he great majority of circuit courts [interpret] *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)," and the Fourth Circuit in *Korotynska* joined them. *Id.* at 106–07. Pursuant to *Korotynska*, only in "exceptional" cases may a plaintiff with a claim under § 1132(a)(1)(B) also pursue relief under § 1132(a)(3). *Id.* at 108. Where a plaintiff makes only allegations that are "routinely taken up in appeals of benefit denials," such as issues relating to claims procedures and determinations, a case is not "exceptional" and there are no "special circumstances for which equitable relief [under § 1132(a)(3)] is uniquely appropriate." *Id.*; *see also id.* at 107 (noting that review under § 1132(a)(1)(B) includes consideration of "procedural deficiencies").

In this case, Plaintiff has argued that *Korotynska* is distinguishable because the plaintiff in *Korotynska* "was not seeking individualized review of her adverse benefits determination under 29 U.S.C. § 1132(a)(1)(B), as plaintiff seeks here." (ECF No. 12 at 4.) However, this contention misstates the substance of *Korotynska*. In *Korotynska*, the plaintiff attempted to bring an action under § 1132(a)(3) ostensibly seeking "the revision of claims procedures" at her plan, yet the

5

Fourth Circuit perceived that she was really attempting to litigate a § 1132(a)(1)(B) claim under § 1132(a)(3)'s more favorable standard of review. 474 F.3d at 107–08. The Fourth Circuit stated that "[t]he fact that plaintiff has not brought [a] § 1132(a)(1)(B) claim does not change the fact that benefits are what she ultimately seeks, and that redress is available to her under § 1132(a)(1)(B)." *Id.* at 106. Accordingly, *Korotynska*'s holding that a § 1132(a)(3) action cannot be brought based on an injury that creates a cause of action under § 1132(a)(1)(B) applies to cases regardless of the inclusion of a formally pled § 1132(a)(1)(B) claim.

In sum, "[w]hen a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is [a] § [1132](a)(1)(B) [claim]." *Moore v. Verizon Commc'ns, Inc.*, No. 22-CV-51, 2022 WL 16963245, at *7 (E.D. Va. Nov. 15, 2022) (quoting *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.*, 102 F.3d 712, 715 (4th Cir. 1996)). If a plaintiff attempts to "simultaneously proceed with a § 1132(a)(1)(B) and [a] § 1132(a)(3) claim," then the § 1132(a)(3) claim "is barred as a matter of law." *Id.* (citing *Korotynska*, 474 F.3d at 106). In such cases, district courts in the Fourth Circuit dismiss the duplicative § 1132(a)(3) claim "even at the motion to dismiss stage."[2] *Exact Scis. Corp. v. Blue Cross & Blue Shield of N.C.*, No. 16-CV-125, 2017 WL 1155807, at *7 (M.D.N.C. Mar. 27, 2017) (citing *Korotynska*, 474 F.3d at 102, and collecting cases where district courts in the Fourth Circuit have dismissed § 1132(a)(3) claims at the motion to dismiss stage).

---

[2] Plaintiff has argued that *Varity* prohibits only duplicate recoveries and does not apply at the motion to dismiss stage of a case. (ECF No. 12 at 6–7.) To support this argument, Plaintiff has cited several cases from other circuits where courts have disapproved of such early dismissals. (*Id.*) Because Fourth Circuit precedent is clear that dismissal at the motion to dismiss stage is appropriate, this Court declines to follow the out-of-circuit authority cited by Plaintiff.

6

Here, reviewing each of the three counts in Plaintiff's Complaint in turn, the Court finds that all three counts allege only a single injury: that Plaintiff was wrongfully denied benefits. This injury has an adequate remedy in § 1132(a)(1)(B). *Korotynska*, 474 F.3d at 106–07. Therefore, Counts II and III, which Plaintiff purports to bring under § 1132(a)(3), are duplicative and must be dismissed.

The Court begins its analysis with Plaintiff's Count I. Plaintiff brings Count I under § 1132(a)(1)(B). (ECF No. 12 at 5.) In this count, she seeks "disability benefits owed and wrongfully denied." (ECF No. 1 ¶ 26.) Plaintiff includes in this count allegations that Reliance "had a fiduciary obligation to Plaintiff to administer claims fairly," and to provide her with "a full, fair, and impartial review of her benefits claims." (*Id.* ¶ 32.) Plaintiff also alleges in this count that Reliance "lacked any reason . . . to discontinue benefits." (*Id.* ¶ 34.) Accordingly, future merits adjudication of Count I would include consideration of, among other things, "'whether [Defendants'] decision making process was reasoned and principled,' 'whether the decision was consistent with the procedural and substantive requirements of ERISA,' and 'the fiduciar[ies'] motives and any conflict of interest [they] may have.'" *Korotynska*, 474 F.3d at 107 (quoting *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342–43 (4th Cir. 2000)). If Plaintiff prevails on this claim, she may be entitled to relief in the form of benefits due, a declaratory judgment on her entitlement to benefits, or an injunction against Defendants improperly refusing to pay her benefits. *Pilot Life Ins. Co.*, 481 U.S. at 53.

The Court next examines Count II. Plaintiff purports to bring Count II under § 1132(a)(3). (ECF No. 12 at 5.) Here, Plaintiff alleges that Defendants "breached [their] fiduciary duty and wrongfully denied Plaintiff a full, fair, and impartial review of her benefits claim." (ECF No. 1 ¶

7

40.) According to Count II, this breach consisted of several specific acts, such as failing to give sufficient weight to the opinions of Plaintiff's physicians and mailing important correspondence to an incorrect address. (*Id.* ¶ 40(b), (e).) Plaintiff alleges these acts resulted in a wrongful adjudication of Plaintiff's entitlement to benefits, which must be remedied by a judgment that Defendants pay Plaintiff benefits and an injunction that Defendants follow the law. (*Id.* ¶ 43.) The Court finds that this is essentially the same claim as Plaintiff advanced in Count I. It is the same even in the precise language used—in both Counts I and II Plaintiff alleges that she was entitled to, and was denied, "a full, fair, and impartial review of her benefits claim." (*Id.* ¶¶ 32, 40.) Count II is nothing more than additional explanation of allegations already made in Count I. Accordingly, Count II is barred. *See Batten v. Aetna Life Ins. Co.*, No. 15-CV-513, 2016 WL 4435681, at *4 (E.D. Va. Aug. 17, 2016) ("Here, Count I alleges that [defendant] improperly terminated [plaintiff's] disability benefits. Count II alleges that [defendant] followed improper procedures when it terminated [plaintiff's] disability benefits. [Plaintiff's] two claims seek the same thing—disability benefits under her Disability Policy. . . . Therefore, [plaintiff's] attempt to invoke [§ 1132](a)(3) is unavailing and duplicative.").

The Court notes that Plaintiff has attempted to avoid dismissal of Count II by characterizing Counts I and II as presenting "two distinct theories of recovery." (ECF No. 12 at 5.) According to Plaintiff, her first theory "is that Defendants wrongfully denied the benefits [she] was entitled to under the Policy," and her second theory "is that Defendants breached their fiduciary duty as Plan administrators" by engaging in the conduct specified in Count II. (*Id.*) This argument is not persuasive.

8

There are some cases in which a court has allowed a plaintiff to proceed with simultaneously pled § 1132(a)(1)(B) and § 1132(a)(3) claims because the court found that the § 1132(a)(3) claim alleged an alternate theory of recovery. For example, in *Guardian Life Insurance Co. of America v. Reinaman*, No. CIV. 10-1374, 2011 WL 2133703 (D. Md. May 26, 2011) (cited at ECF No. 12 at 5), a plaintiff alleged first under § 1132(a)(1)(B) "that [defendant] wrongfully denied the benefits [plaintiff] was entitled to under the Plan" and second under § 1132(a)(3) "that [a representative of defendant] misinformed [plaintiff] of the process for obtaining coverage, and as a result [plaintiff] was never covered by [defendant]." *Id.* at *9. The court denied the defendant's motion to dismiss the § 1132(a)(3) claim because if the second theory were proved "[the plaintiff] could not proceed under [§ 1132(a)(1)(B)] but could sue under [§ 1132(a)(3)]." *Id.* That situation was similar to the situation in *Varity*, where the Supreme Court allowed a § 1132(a)(3) action because "[t]he plaintiffs . . . could not proceed under [§ 1132(a)(1)(B)] because they were no longer members of the . . . plan and, therefore, had no 'benefits due [to them] under the terms of [the] plan.'" 516 U.S. at 515 (quoting § 1132(a)(1)(B)). In these cases, there were facts that either might show or did show that a plaintiff was ineligible for § 1132(a)(1)(B) relief.[3] In contrast, Plaintiff here has not alleged facts that show a possibility that she is not a participant or beneficiary who can recover benefits

---

[3] *See also Sloan v. Life Ins. Co. of N. Am.,* No. CV 18-3055, 2019 WL 6173410, at *4 (D. Md. Nov. 20, 2019) (allowing simultaneous § 1132(a)(1)(B) and § 1132(a)(3) claims where the § 1132(a)(3) claim was based on allegations that a fiduciary did not provide a beneficiary the forms to convert her group coverage into individual coverage before her employer terminated the group plan); *England v. Marriott Int'l, Inc.*, 764 F. Supp. 2d 761, 777–80 (D. Md. 2011) (allowing simultaneous § 1132(a)(1)(B) and § 1132(a)(3) claims where plaintiffs sought reformation of retirement deferred stock bonus awards under § 1132(a)(3), a remedy not available under § 1132(a)(1)(B) because it was not "to recover benefits due to [a participant] under the terms of his plan"); *Batten*, 2016 WL 4435681, at *3 (noting that examples of allegations that justify proceeding under § 1132(a)(3) include "alleg[ations] [of] fiduciary misconduct affecting or modifying [a] disability plan or [a plaintiff's] status as a plan participant").

under § 1132(a)(1)(B). Instead, Plaintiff here has only one injury and only one theory of recovery. Accordingly, cases such as *Guardian* are distinguishable, and Plaintiff's "two distinct theories of recovery" argument fails.

Finally, the Court turns to Count III. Plaintiff's Complaint states that Count III is brought pursuant to "29 U.S.C. § 1133, § 1135, [and] 29 [C.F.R.] [§] 2560.503-1." (ECF No. 1 at 8.) According to Defendants, neither 29 U.S.C. § 1133, nor 29 U.S.C. § 1135, nor 29 C.F.R. 2560.503-1 authorize a private cause of action, and this is a sufficient reason to dismiss Count III. (ECF No. 8 at 9–10.) However, Plaintiff contends in her opposition brief that Count III should be treated as brought pursuant to § 1132(a)(1)(B) and § 1132(a)(3). (ECF No. 12 at 2–3.) The Court notes that this contention is not based on anything in Plaintiff's Complaint, which does not mention § 1132 anywhere within the Count III allegations. (ECF No. 1 ¶¶ 44–47.) Ultimately, regardless of which statutory provision Plaintiff is attempting to bring Count III under, the Court finds that in the context of this case Count III is duplicative of Count I and barred.

Beginning with the statutory and regulatory authority alleged in the Complaint, 29 U.S.C. § 1133 states that "[i]n accordance with regulations of the Secretary [of Labor], every employee benefit plan shall . . . provide adequate notice [of a denial of benefits]" and "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review." Standing alone, it contains no provision explicitly authorizing a private cause of action. Next, 29 U.S.C. § 1135 authorizes the Secretary to prescribe regulations. Like § 1133, it does not contain any provision authorizing a private cause of action. Finally, 29 C.F.R. § 2560.503-1 is a regulation promulgated by the Secretary of Labor in accordance with 29 U.S.C. § 1133 and § 1135. 29 C.F.R.

§ 2560.503-1(a). It "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries." *Id.*

Because neither 29 U.S.C. § 1133 nor § 1135 explicitly authorize a private right of action, the Court concludes that Plaintiff's Count III is not a claim brought pursuant to these statutes as alleged in the Complaint. *See Korotynska*, 474 F.3d at 107 ("ERISA is a 'comprehensive and reticulated statute,' whose 'carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002))); *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008) ("[A] procedural violation cannot afford [a plaintiff] a substantive remedy if she has no entitlement to benefits under the terms of the Plan."); *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 225 (4th Cir. 1998) (affirming district court's holding that "a breach of section 1133 does not provide a claimant with any new substantive rights").

Having ruled out § 1133 and § 1135 as possible sources of authorization for Count III, the Court turns to Plaintiff's contention that Count III should be analyzed under § 1132(a)(1)(B) and § 1132(a)(3). However, when the Court analyzes Count III with § 1132(a)(1)(B) and § 1132(a)(3) in mind, it is apparent that Count III is an improper duplicative claim for benefits. According to Count III, Defendants "had a duty under ERISA . . . to establish and maintain reasonable claims procedures," and they "failed to comply" by "failing to properly consider [Plaintiff's] claim." (ECF No. 1 ¶¶ 45, 46.) Thus, states Count III, Plaintiff did not receive "a full and fair administrative review of her claims" and was "deprived of her benefits due." (*Id.* ¶ 47.) These are the same allegations as those made in Count I (and Count II), and on these redundant allegations Plaintiff

11

would claim the same relief. Whether Plaintiff characterizes Count III as brought pursuant to § 1132(a)(1)(B) or § 1132(a)(3), it is nothing more than a repackaging of Count I and is therefore barred.

Plaintiff's remaining arguments to the contrary are not persuasive. The Court addresses each in turn.

First, Plaintiff contends that equitable relief to correct administration of the plan is necessary here because she was only thirty-seven years old when she became disabled, and she needs to protect her ongoing and future rights in addition to recovery of what should have previously been paid. (ECF No. 12 at 2.) However, a plaintiff may use a § 1132(a)(1)(B) action "*to clarify [her] rights to future benefits under the terms of the plan.*" 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Because § 1132(a)(1)(B) can afford this prospective protection, § 1132(a)(1)(B) is not inadequate merely because Plaintiff may claim future benefits.[4] Next, Plaintiff argues that Counts II and III should not be dismissed because Defendants have not shown that Plaintiff is not entitled to relief "under any set of facts that could be proved consistent with [plaintiff's] allegations," (ECF No. 12 at 4 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984))). This argument fails because it relies on the pre-*Twombly/Iqbal* standard of *Conley v. Gibson*, 355 U.S. 41 (1957), which is no longer

---

[4] *Compare Gardi v. United Healthcare Servs., Inc.*, No. 19-CIV-80369, 2020 WL 13369089, at *3 (S.D. Fla. Oct. 21, 2020) (finding that relief in the form of "a declaration as to eligibility for future benefits . . . independent of any concrete action which has materialized to impact those prospective rights" was not available in a § 1132(a)(3) action), *with Engelhardt v. Paul Revere Life Ins. Co.*, 77 F. Supp. 2d 1226, 1235 (M.D. Ala. 1999) (granting summary judgment in favor of plaintiff on his § 1132(a)(1)(B) claim by declaring that plaintiff was "entitled to total disability benefits until the age of 65 so long as he continues to meet the policy's definition of 'totally disabled . . .'"), *and Lamuth v. Hartford Life & Accident Ins. Co.*, 30 F. Supp. 3d 1036, 1048 (W.D. Wash. 2014) (allowing action under § 1132(a)(1)(B) where the court's decision "[would] preclude [the defendant] from again revisiting the issue and terminating [the plaintiff's] benefits on an improper basis (rather than on a basis that it may address in the future, such as a ruling . . . as to whether [plaintiff] still meets the definition of Disabled at a future point in time)").

12

good law. *See Twombly*, 550 U.S. at 562–63. Plaintiff also argues that the claims should not be dismissed because Defendants have not rebutted Plaintiff's allegations and have not demonstrated compliance with ERISA claims procedures. (ECF No. 12 at 7.) These arguments fail because Defendants are neither permitted nor required to support their Rule 12(b)(6) motion with extrinsic evidence. *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448. Lastly, Plaintiff argues that Defendants will not be prejudiced by discovery regarding these claims; therefore, allowing Plaintiff to keep the claims for the time being furthers the purpose of ERISA. (ECF No. 12 at 7.) This final argument fails because whether Defendant will be prejudiced by discovery is not part of the standard under which a court assess a Rule 12(b)(6) motion.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 7), pursuant to Rule 12(b)(6) is **GRANTED**. Counts II and III of the Complaint are **DISMISSED**.

This, the 13th day of December 2022.

/s/ Loretta C. Biggs
United States District Judge